IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO: 2009 CA 8917 CI

JOHNATHAN VAUGHAN,

    Plaintiff,

v.

TROON GOLF, LLC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNATHAN VAUGHAN, by and through undersigned counsel, hereby sues Defendant, TROON GOLF, LLC and states as follows:

1. Plaintiff, JOHNATHAN VAUGHAN (hereinafter "VAUGHAN"), was an employee of Defendant, TROON GOLF, LLC, (hereinafter "TROON"), a foreign limited liability company, and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter "FLSA").

## JURISDICTION AND VENUE

2. This action is instituted pursuant to the Fair Labor Standards Act regarding unpaid overtime wages.

3. Subject matter jurisdiction exists pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this Court because all or a substantial part of the events giving rise to the claim, including the unlawful employment practices, occurred in Osceola County, Florida.

## PARTIES

5. Plaintiff is an individual who at all times relevant herein is a citizen of Florida, and was an employee of Defendant working within Osceola County, Florida.

6. At all times material to this Complaint Defendant was and is a foreign limited liability company authorized to do business in the State of Florida including Osceola County, Florida.

7. All actions giving rise to this claim occurred within Osceola County, Florida.

## DEFENDANT'S VIOLATION OF THE FLSA

8. Plaintiff incorporates and alleges its allegations contained in paragraphs 1 through 7 above as if fully set forth herein.

9. VAUGHAN was an employee of Defendant TROON until approximately June 4, 2009.

10. VAUGHAN held the title Associate Golf Pro.

11. VAUGHAN'S last base salary was $30,000.00 annually based on a 40 hour work week. His relevant salary history is:

| | |
|---|---|
| December 2006 - December 2007 | $27,000 annually |
| December 2007 - December 2008 | $28,000 annually |
| December 2008 - June 2009 | $30,000 annually |

12. Defendant was an employer as defined under 29 U.S.C. § 203(d).

13. Defendant at all times relevant to this action, was and is an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s). Defendant engaged in interstate commerce.

14. Additionally, VAUGHAN, at all times relevant to this action, engaged in interstate commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s).

15. The annual gross sales volume of Defendant exceeded $500,000.00 per year, at all times relevant to this action.

16. In nearly all weeks during his employment with Defendant, VAUGHAN worked in excess of 40 hours, averaging about 15 hours of unpaid overtime weekly.

17. The estimated total number of unpaid overtime hours through his employment is approximately 1920 hours.

18. Defendant was to pay VAUGHAN all hours he worked over 40 at the rate of one and one half times his regular rate.

19. VAUGHAN's overtime rate is calculated to be as follows:

| | |
|---|---|
| December 2006 - December 2007 | $19.47 per overtime hour |
| December 2007 - December 2008 | $20.19 per overtime hour |
| December 2008 - June 2009 | $21.63 per overtime hour |

20. As such, Plaintiff VAUGHAN earned, but was not paid, total overtime wages of approximately $39,046.05, calculated as follows:

| | |
|---|---|
| December 2006 - December 2007 (52 weeks) | $15,186.60 |
| December 2007 - December 2008 (52 weeks) | $15,748.20 |
| December 2008 - June 2009 (25 weeks) | $ 8,111.25 |
| Total: | $39,046.05 |

21. At all times material to this action, Defendant TROON failed to comply with 29 U.S.C. § 201 through 209 of the FLSA by failing to compensate Plaintiff VAUGHAN at a rate not less than one and one half times the regular rate at which he was employed for all hours worked in excess of forty (40) within a work week.

22. Plaintiff VAUGHAN is entitled to receive proper payment of one and one half times his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. Defendant's violation of the FLSA was intentional, willful and unlawful in that it refused to properly pay Plaintiff in compliance with the FLSA. Additionally, Plaintiff was instructed by TROON not to record the number of hours he worked, demonstrating TROON'S willful intent to deny lawful wages.

24. Due to the Defendant's willful violation of the FLSA, Plaintiff VAUGHAN is entitled to liquidated damages of an amount equal to his unpaid overtime wages, as well as the recovery of reasonable attorney's fees and costs.

25. Plaintiff has retained undersigned counsel to represent his in this matter and has agreed to pay a reasonable attorney's fee for services provided.

WHEREFORE, Plaintiff VAUGHAN, respectfully requests judgment against Defendant TROON for payment of unpaid overtime wages in the amount of $39,046.05, an additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages calculated at $39,046.05, an award of reasonable attorney's fees and costs incurred in this action, and any other relief that this Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff VAUGHAN hereby demands a jury trial on all issues so triable.

DATED: August 13, 2009.

                                                        */s/ Richard W. Smith*
                                            RICHARD W. SMITH, ESQUIRE
                                            Florida Bar No. 0013943
                                            Fisher, Rushmer, Werrenrath, Dickson,
                                            Talley & Dunlap, P.A.
                                            Post Office Box 712
                                            Orlando, FL 32802-0712
                                            (407) 843-2111 (telephone)
                                            (407) 422-1080 (facsimile)
                                            Attorney for Plaintiff
                                            rsmith@fisherlawfirm.com

L:\RWS\Vaughan\PLEADING\Complaint.wpd