# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHNATHAN VAUGHAN,

                     **Plaintiff,**

-vs-                                       **Case No. 6:09-cv-1613-Orl-28DAB**

TROON GOLF, LLC, ,

                     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 30)** |
| **FILED:** | **November 30, 2010** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

       The matter has been referred by the District Judge to determine whether the settlement is a

"fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised

by the Department of Labor, the only other route for compromise of FLSA claims is provided in the

context of suits brought directly by employees against their employer under section 216(b) to recover

back wages for FLSA violations.  "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's response to Court interrogatories (Doc. 15), Plaintiff was employed by Defendant as an assistant golf pro from December 2006 to June 2009 and alleged that he was not paid for 15 hours of overtime per week for approximately 122 weeks.  Doc. 15.   Plaintiff sought $36,731.70 in overtime, plus an equal amount in liquidated damages.  Doc. No. 15.  The settlement to Plaintiff of $10,371.24 in unpaid wages and liquidated damages represents approximately one-third of the principal amount Plaintiff sought.

The parties represent in the Joint Motion (Doc. 30) that the settlement occurred following an adversarial matter in which both Plaintiff and Defendant were represented by experienced counsel and the lawsuit involved disputed issues, including whether Plaintiff was exempt under a combination of the executive and administrative FLSA exemptions while employed as an Associate Golf Professional; whether overtime was even applicable or appropriate; whether liquidated damages were appropriate under the circumstances; and the number of hours Plaintiff actually worked while

employed by Defendant.  Defendants strongly contested whether Plaintiff was properly exempt under a combination of these two exemptions; but, conversely, Plaintiff argued that his actual duties were such that he was misclassified as an exempt employee.  The record evidence varied significantly in terms of the number of hours actually worked by Plaintiff that were for the benefit of the employer. If Defendant were successful in defeating coverage of the FLSA, Plaintiff's claims under the FLSA would have been completely extinguished.  Alternatively, if the exemption arguments were defeated, the parties would have continued to dispute not only the number of hours worked, but also whether the fluctuating work week calculation was appropriate. If the fluctuating workweek was appropriate, the overtime calculation would have been reduced to less than one-third Plaintiff's initial claim. Thus, the settlement negotiated and reached by the Parties reflects a reasonable compromise of the several disputed issues, both legal and factual.  Doc. 30.

The parties have agreed that Defendant will pay Plaintiff's attorneys $14,628.76 in attorney's fees and costs.  Plaintiff's counsel incurred 92 hours of time, which would approximate a rate of $150 per hour, well within (or below) the range of reasonable hourly rates in such cases.  Typical costs average approximately $400 for filing fee and service of process charges.  The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case, which went beyond the initial FLSA case management to a Track II Case Management and Scheduling Order (Doc. 21) and mediation.

Settlement in the amount of $10,371.24 to Plaintiff for unpaid wages and liquidated damages, and $14,628.76 for attorney's fees and costs is a fair and reasonable settlement.   It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 2, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy